UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN H. COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:11CV1759 HEA |
| | ) |
| GENE STUBBLEFIELD, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's amended complaint. Plaintiff, an inmate at the St. Louis City Justice Center, brings this suit under 42 U.S.C. § 1983 against prison officials for alleged unconstitutional conditions of confinement. Plaintiff's original complaint failed to state a claim upon which relief can be granted because it sued defendants in their official capacities only and failed to allege that a policy or custom of the City of St. Louis caused a violation of his civil rights. The amended complaint fails to state a claim for the same reason. As a result, the Court will dismiss this action under 28 U.S.C. § 1915(e).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to review the amended complaint and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton

v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Plaintiff's amended complaint is substantially similar to his original complaint. Plaintiff alleges that he was placed in danger because he was housed in a two-person cell with two other inmates for a period of two months.  Plaintiff says he told defendants Troupe and Noel that he needed to be placed in protective custody because he was in danger from other inmates.  Plaintiff claims that he is a schizophrenic, and he alleges that being housed in an overcrowded cell made his symptoms worse.  Plaintiff alleges that defendant Stubblefield has failed to respond to his grievances.  Plaintiff asserts that defendant Goosh maced him because he refused to go into his cell with the other inmates. Plaintiff further asserts that Goosh placed him into administrative segregation for five days without clothing, a mattress, or a blanket.  Plaintiff says he also went without food for two days and was denied medical treatment.

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the City of St. Louis. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of the City of St. Louis was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Because plaintiff has already been given a chance to cure his pleadings, this action will be dismissed without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's second motion to proceed in forma pauperis [Doc. 11] is **DENIED** as moot.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 16th day of November, 2011.

                                            HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE